IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINE DUPONT | ) | CASE NO. 16CV2363 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| ACTIVE PLUMBING SUPPLY CO. | ) | <u>MEMORANDUM AND OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant, Active Plumbing Supply Company (hereafter "Active Plumbing"). (ECF #13). Plaintiff, Kristine DuPont, (hereafter "Ms. DuPont"), filed an Opposition to the Motion for Summary Judgment, (ECF #14), and Active Plumbing filed its Reply in Support. (ECF #17). Therefore, this matter is fully briefed and ripe for review.

For the reasons more fully set forth herein, Active Plumbing's Motion for Summary Judgment is DENIED.

I.  Factual Background[1]

The following facts are not in dispute. Ms. DuPont worked as a kitchen and bath designer and showroom associate at Active Plumbing in Avon, Ohio, from June 3, 2014 through May 3,

---

[1] The factual summary is based upon the parties' statements of fact. Those material facts which are controverted and supported by deposition testimony, affidavit or other evidence are stated in a light most favorable to Plaintiff, the non-moving party.

2016.  (ECF #14, p. 1).  Active Plumbing paid Ms. DuPont a salary that covered the 40 hours she was regularly scheduled to work each week. (ECF #13, p. 2).  Ms. DuPont's job responsibilities also included out-of-office appointments, at customers' sites, which occurred after hours and often times resulted in Ms. DuPont working more than 40 hours per week. (ECF #14, p.2) Active Plumbing paid Ms. DuPont overtime wages on multiple occasions throughout 2014 and 2015.

Ms. DuPont alleges in this matter that she is owed additional overtime compensation, at the rate of one and on-half times her regular rate of pay, which Active Plumbing failed to pay in violation of the Fair Labor Standards Act of 1938 (hereafter "FLSA"), 29 U.S.C. §§ 201 *et seq*.  In its Motion for Summary Judgment, Active Plumbing argues that it is not liable to Ms. DuPont because Ms. DuPont failed to report these hours, despite the reasonable process established by Active Plumbing for submitting overtime hours. (ECF #13, p.8).

II. Legal Analysis

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56©.  A fact is "material"only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.  It is with these standards in mind that the instant Motion must be decided.

Section 207(a) of the FLSA generally requires that employers pay employees specified hourly rates up to 40 hours per week, and pay overtime compensation of one and one-half times

the regular rate for hours worked above that threshold amount. 29 U.S.C. § 207.  In order to prevail in this lawsuit, Ms. DuPont must prove by a preponderance of the evidence that she performed overtime work for which she was not properly compensated. *Wilson v. PrimeSource Health Care of Ohio, Inc.*, 2017 WL 2869341, at *9 (N.D.Ohio July 5, 2017)(citation omitted).  Therefore, in order to survive summary judgment, Ms. DuPont must put forward enough evidence to create a genuine issue of fact regarding (1) whether she worked uncompensated overtime hours; and, (2) whether Active Plumbing knew or should have known about the uncompensated overtime hours. *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 392 (6th Cir. 2016)(citation omitted).

As to the issue of whether Ms. DuPont worked the additional, uncompensated, overtime hours claimed, Active Plumbing "is not arguing that Plaintiff did not work these hours" for purposes of its summary judgment motion. (See ECF #17, p. 1).  We therefore turn to the issue of whether Active Plumbing knew or should have known about these uncompensated hours.  Active Plumbing argues that Ms. DuPont has "cited no evidence that Defendant had actual knowledge of Plaintiff working overtime hours that she was not paid for." (ECF #17, p. 2).  Further, Active Plumbing argues that it cannot be said to have had constructive knowledge of Ms. DuPont's overtime because she failed to report these hours, and the "overtime hours were mostly related to offsite appointments, which Defendant would not know about." (ECF #17, p.3)

Ms. DuPont argues that while she was able to report some of her overtime hours during the course of her employment at Active Plumbing, there are other instances where she was prevented from reporting the hours.  (ECF #14, p.11).  Ms. DuPont claims that she "was perpetually told that she was 'salaried,' 'exempt,' and not entitled to overtime compensation," and told by human resources employees at Active Plumbing "not to track or report" her overtime hours. (ECF #14, p.

12). Ms. DuPont argues that testimony from Active Plumbing employees, as well as company records and calendars, will show that Active Plumbing knew of these overtime hours, and are therefore liable to her for the unpaid overtime wages.

Based upon the foregoing, this Court finds that there is a genuine issue of material fact as to whether Active Plumbing knew or had reason to believe that Ms. DuPont was working overtime, and failed to pay her for these hours in violation of the FLSA. *See Craig, supra*. Summary judgment would be inappropriate in this matter, as the issue of whether a party had the requisite knowledge is a question of fact for a jury to decide. *Id.* (citation omitted).

III.     Conclusion

For the reasons set forth herein, Active Plumbing's Motion for Summary Judgment (ECF #13), is DENIED.  A Jury Trial remains set for January 10, 2018 at 8:30 a.m.



IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED: October 25, 2017